**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **WILLIAM E. AMACKER, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION C-07-481** |
| | § | |
| **RENAISSANCE ASSET MANAGEMENT** | § | |
| **FUND, LLC, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM AND ORDER**

Defendants Vision LP, Vision Financial Markets LLC, MF Global Inc. (formerly known as Man Financial Inc.), Lind-Waldock & Company, LLC, R.J. O'Brien & Associates, Inc., and Tradestation Technologies, Inc. (collectively, "Defendants") have moved to dismiss the Second Amended Complaint (Dkt. No. 94) filed by forty-nine individual plaintiffs ("Plaintiffs"). Dkt. Nos. 100, 102, 103, 105. Having considered the motions, record, and relevant law, the Court finds that Defendants' motions should be GRANTED.

**Background**

Plaintiffs filed their original complaint on December 20, 2007. Dkt. No. 1. They filed an Amended Complaint a day later with a technical correction. Dkt. No. 3. Plaintiffs filed this Second Amended Complaint on May 9, 2008 in response to motions to dismiss filed by Defendants. *See* Dkt. Nos. 61, 63, 65, 66, 67. About a month later, Defendants responded with their second round of motions to dismiss. *See* Dkt. Nos. 100, 102, 103, 105.

Plaintiffs were individual investors in a commodity pool run by Anthony Michael Rammunno, a defendant in this action. Rammunno was convicted of criminal violations of the

1

Commodity Exchange Act and sentenced to nearly twenty years in prison.  Dkt. No. 94 at 15. Defendants conducted trades in the commodities futures market on behalf of Rammunno.  *Id.* at 18-21.  The gravamen of Plaintiffs' complaint is that Defendants failed to properly investigate Rammunno's background and thus aided and abetted him in his commission of Commodity Exchange Act violations, which violations led to the loss of millions of dollars by Plaintiffs.

### Legal Standard

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiffs' allegations as true and draw all reasonable inferences in their favor. *See, e.g.*, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).  A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *See St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65, 1969 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957), "no set of facts" standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). Plausibility, as contrasted with speculation, is the touchstone: plaintiff must allege "enough facts to

state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative

level." *Id.* at 1974; *Nationwide Bi-Weekly Admin. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

## Analysis

Aiding and abetting liability in the Commodity Exchange Act is governed by 7 U.S.C.

§§ 13c(a), 25(a)(1).  The former states that "[a]ny person . . . who willfully aids, abets, counsels,

commands, induces, or procures the commission of . . . a violation of any of the provisions of this

chapter . . . may be held responsible for such violation as a principal."  7 U.S.C. § 13c(a).  The latter

creates a private right of action in nearly identical language: "Any person . . . who violates this

chapter or who willfully aids, abets, counsels, induces, or procures the commission of a violation

of this chapter shall be liable for actual damages . . . caused by such violation to any other

person . . . ."  7 U.S.C. § 25(a)(1).[1]

The key point of dispute between Plaintiffs and Defendants is the definition of "willfully."

Defendants contend that courts in this situation have relied on Securities Exchange Act

jurisprudence as well as the federal criminal aiding and abetting statute, *see* 18 U.S.C. § 2, to hold

that "willfully" has three elements: (1) knowledge of the principal's violations; (2) intent to further

those violations; and (3) acts in furtherance of the violations.  Plaintiffs, by contrast, argue that

reliance on Securities Exchange Act cases is invalid because *Central Bank of Denver, N.A. v. First

Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994), abrogated them in holding that the Securities

Exchange Act did not contain a private right of action for aiding and abetting.  Plaintiffs advocate

an interpretation of "willfully" to mean "extreme recklessness," a lower standard than the knowledge

---

[1] This subsection goes on to describe the relationship a plaintiff must have to the violator in order to have a right of action.  *See* 7 U.S.C. § 25(a)(1)(A)-(D).  The parties dispute whether these subsections apply only to principal violators or to aiders and abettors as well.  This is still very much an open question, but it is one this Court need not decide because Plaintiffs' complaint must be dismissed on other grounds.

and intent for which Defendants argue.

Defendants have the better of the argument.  The two federal appellate courts to address this issue have both pointed to the federal criminal aiding and abetting statute as a guide for how to interpret the Commodity Exchange Act's aiding and abetting provision.  *See Damato v. Hermanson*, 153 F.3d 464, 473 (7th Cir. 1998) ("The elements that a plaintiff must allege to state a claim for aiding and abetting liability under [the Commodities Exchange Act] are . . . the same elements that must be established to prove a violation of 18 U.S.C. § 2."); *Nicholas v. Saul Stone & Co.*, 224 F.3d 179, 189 (3d Cir. 2000) (following *Damato*).  This court has held that knowledge and "specific intent to further the violation" are required for an aider or abettor to be covered by Section 13c(a). *CFTC v. Johnson*, 408 F. Supp. 2d 259, 268 (S.D. Tex. 2005).[2]  As the courts in *Damato*, *Nicholas*, and *Johnson* all note, this interpretation of "willfully" is consistent with that propounded by the Commodity Futures Trading Commission itself in *In re: Richardson Securities*, CFTC No. 78-10, 1981 WL 26081, at *8 (Jan. 27, 1981), where the CFTC pointed out that Section 13c(a) was modeled after the criminal aiding and abetting statute.

While it may be the case that the pre-*Central Bank* cases should no longer be relied on, this Court need not decide that issue.  Plaintiffs present no argument against the approach of the *Damato* court and the CFTC: applying the aiding-and-abetting standard that is employed in the criminal context.  Further, Plaintiffs cite only one case interpreting "willfully" to mean something *less* than knowledge.  *See S.E.C. v. Johnson*, 530 F. Supp. 2d 325, 333 (D.D.C. 2008).  This solitary case

---

[2] Plaintiffs argue that *Johnson* is bad authority because it relied on securities fraud cases.  However, the predicate of this argument is only partially true.  While the court did cite *Woodward v. Metro Bank*, 522 F.2d 84, 88 (5th Cir. 1975), a Securities Exchange Act case, more reliance was placed on *Apex Oil v. DiMauro*, 713 F. Supp. 587, 603 (S.D.N.Y. 1989).  The relevant portion of that opinion discusses briefly, and in dicta, Section 13c(a) of the Commodity Exchange Act.  Further, *Johnson* relies on a CFTC decision, the relevant portion of which is directly on point.  *See infra*.

standing against those cited above does not sway this Court away from holding, following *Damato*, that Plaintiffs here must show that Defendants (1) had knowledge of Rammunno's intent to violate the Commodity Exchange Act; (2) intended to further that violation; and (3) committed some act in furtherance.  *See Damato*, 153 F.3d at 473.

Plaintiffs' entire argument rests on its hopes that this Court would employ the lower "recklessness" standard.  They do not even argue in the alternative that their complaint can meet the "knowledge" standard, nor can they, since Plaintiffs' allegations clearly do not cross that bar. Plaintiffs allege only that, due to statutory and regulatory requirements, Defendants had a duty to investigate Rammunno and failed in that duty.  Nowhere in their complaint do they allege that Defendants knew Rammunno was engaged in illegal behavior.  Of course, without allegations of knowledge, there can be no allegations of intent to further Rammunno's violations or acts in furtherance.  Thus, Plaintiffs' complaint must be dismissed insofar as it attempts to state claims against these defendants.

### Conclusion

For the foregoing reasons, Defendants' Motions to Dismiss are GRANTED.

It is so ORDERED.

Signed this 10th day of October, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE